**HUGHES ENGINEERING COMPANY,**
Appellant,

v.

**Price EUBANKS, Appellee.**

No. 15852.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 15, 1957.

Rehearing Denied Dec. 13, 1957.

Frank E. Fulgham, Weatherford, Cantey, Hanger, Johnson, Scarborough & Gooch, Howard Barker and John H. McBryde, Fort Worth, for appellant.

Grindstaff, Zellers & Hutcheson, and A. E. Zellers, Weatherford, for appellee.

PER CURIAM.

A plea of privilege case. It turns upon the question of whether or not the negligence of one Kimbrough was attributable to the appellant, who was co-defendant with Kimbrough in the court below. The appellant was not originally a defendant but was later joined as such under allegations to the effect that at the time and place of the automobile accident giving rise to the suit Kimbrough was acting as the agent, servant and employee of appellant within the scope and course of his employment in carrying out the instructions and directions of his employer.

We have reached the conclusion that the trial court erred in overruling the appellant's plea of privilege to be sued in the county of its own residence because of the

failure on the part of appellee to establish facts which would warrant any finding that Kimbrough's act was that of the appellant. In our opinion it would only be through proof of imputed negligence that venue against appellant could be retained in the county of the suit.

Appellant's residence is in Tarrant County. In the city of Fort Worth was located its principal office. At the same location was a warehouse and matériel yard surrounded by an enclosure. Kimbrough was one of the appellant's employees, but his duties of employment were centered in Parker County where the suit was filed. On the date of the accident Kimbrough made a trip by bus to Fort Worth for the purpose of picking up his personal automobile. This automobile was not ordinarily or customarily used in the prosecution of the duties of his employment. It was for the convenience of Mr. Kimbrough that he had left his automobile stored in appellant's matériel yard. It was also for his own convenience that he made the trip on the day of the accident from Weatherford, Texas, to Fort Worth for the purpose of getting the automobile and returning it to Weatherford, the place of his temporary residence.

The appellant, through its supervisory employees, directed or requested Kimbrough to pick up a spool of wire and other light-weight equipment at its matériel yard when he went to the yard to get his car. The direction or request was given Kimbrough after it was learned that he intended to go after his automobile. There was no evidence that any part of the expenses of Kimbrough's trip would be paid by appellant, nor that any additional consideration would move from appellant to Kimbrough for the service. It was the intention of the parties that upon Kimbrough's return to Weatherford he would take the equipment from his automobile and place it in the truck of the appellant which its employees (including Kimbrough) used in the performance of their duties of employment. This truck was parked at the ho-

tel in Weatherford where Kimbrough was temporarily residing.

On the day of the accident, after loading the equipment into his automobile, Kimbrough was en route from Fort Worth back to Weatherford via U. S. Highway No. 80, the main-traveled route between the two cities, when he was involved in an automobile collision. It was this collision which gave rise to appellee's suit. Kimbrough had delayed several hours for purposes personal to him, including the drinking of at least "one bottle of beer" and the purchase of a case of beer to take home with him, but at the moment of the collision was on the route to Weatherford where both his place of residence and the truck of the appellant were located.

■ On the authority of American National Ins. Co. v. Denke, 1936, 128 Tex. 229, 95 S.W.2d 370, 107 A.L.R. 409, and Burt v. Lochausen, 1952, 151 Tex. 289, 249 S.W. 2d 194, we are of the opinion that an element of proof essential to any imputation of liability against the appellant through the actions of Kimbrough was wholly lacking, wherefore its plea of privilege should have been sustained. That essential element was the right or power on the part of appellant to control the actions of Kimbrough as regards his physical movements in the performance of the service of transporting appellant's equipment on the occasion in question. See also Rankin v. Nash-Texas Co., 1937, 129 Tex. 396, 105 S.W.2d 195; Bertrand v. Mutual Motor Co., Tex.Civ.App. Eastland 1931, 38 S. W.2d 417, error refused; 5 Am.Jur., p. 711, "Automobiles", sec. 374, "When Relationship (of Master and Servant) Exists Generally"; 35 Am.Jur., p. 967, "Master and Servant", sec. 539, "Power of Selection and Control as Determining Factor"; Restatement of the Law, Agency, p. 506, "Third Person v. Principal", sec. 228, "Scope of Employment—General Statement."

■ The appellee refers us to the definition of "course of employment" in Vernon's

Ann.Tex.Civ.St. Art. 8309—a part of the Texas Workmen's Compensation Act—in support of his contention that Kimbrough's negligent acts should be imputed to the appellant. But we do not perceive where appellee would be aided in this instance by a consideration of the rules of law governing rights incident to disputes arising under the article mentioned. The question here is governed by the principles of agency, and in particular we are obliged to determine whether the doctrine of *respondeat superior* applies under the facts. The record is wholly void of any evidence that the appellant had claimed or exercised any control over Kimbrough in the latter's operation of the automobile at the time in question, and in that situation there can be no agency. English v. Dhane, Tex.1956, 294 S.W.2d 709; 2 Tex.Jur., p. 384, "Agency", sec. 5, "Definitions".

Judgment reversed and rendered. The suit, in so far as it pertains to the appellant Hughes Engineering Company, is directed to be transferred to the District Court of Tarrant County.