Dovie Elizabeth EUBANKS et al., Appellants,

v.

HUGHES ENGINEERING COMPANY, Appellee.

No. 16408.

Court of Civil Appeals of Texas.

Fort Worth.

June 7, 1963.

Rehearing Denied July 5, 1963.

**50**

Sam W. Pettigrew, Grand Prairie, and J. Alex Blakeley, Dallas, for appellants.

Cantey, Hanger, Johnson, Scarborough & Gooch, Howard Barker and John Mc-Bryde, Fort Worth, for appellee.

MASSEY, Chief Justice.

This is an appeal from a summary judgment granted a defendant in a suit for personal injury damages growing out of an automobile collision. Summary judgment was granted on the theory that possibility for liability to be imposed upon the defendant in a trial on the merits of the controversy was inhibited because it was beyond the power of the plaintiff to introduce admissible evidence which would establish defendant's responsibility under the doctrine of *respondeat superior*. The circumstances were such that the defendant could be held liable for damages only in the event it be established that the negligence which proximately caused the automobile collision, committed by a servant of the defendant, occurred while that servant was acting within the scope and course of his employment.

Reference is here made to our opinion in Hughes Engineering Company v. Eubanks, Tex.Civ.App.1957, 307 S.W.2d 603. Price Eubanks was plaintiff in the trial court and brought suit against Hughes Engineering Company and its servant, Tom Hill Kimbrough. The defendant Hughes Engineering Company filed a plea of privilege. Hearing in the trial court resulted in an order overruling said plea.

An appeal was taken and this court reversed the order of the lower court and rendered an order which transferred the case as it existed against said defendant. Basis of our opinion, as reflected therein, was the holding that plaintiff had introduced no evidence upon the plea of privilege hearing which raised the issue of the defendant's liability under the doctrine of *respondeat superior*.

Since that time the plaintiff, Price Eubanks, became deceased. His widow and children were substituted as plaintiffs. We believe it more convenient for purposes of the opinion to speak of these plaintiffs in the singular, and as though it was the original plaintiff who was prosecuting the suit. We do so. What we say here may thus be more easily correlated with what we formerly said in 307 S.W.2d 603.

A defendant moving for summary judgment on the whole case " 'assumes the negative burden of showing as a matter of law that the plaintiff has no cause of action against him.' " Where the defense is in the nature of a denial, this may take the form of a showing that upon a controlling issue essential to his recovery the plaintiff would not have enough evidence to go to a jury. In such cases, consideration of minimizing time and expense in the furtherance of an efficient administration of the practice dictates that the defendant should specifically single out the element or elements of the plaintiff's claim which he believes cannot be established, and that the plaintiff then would be required to demonstrate " 'only that his claim is backed by admissible evidence in those particulars * * * ' ". McDonald, Texas Civil Practice, Ch. XVII, "Judgments", § 17.26.1, "(Summary Judgment)—B. When Summary Judgment Proper", (I) "On the whole case". (This text is presently found in the Pocket Parts.)

The statement is particularly applicable to the question presented on this appeal. The defendant, in moving for summary judgment, singled out the essential element

of plaintiff's case upon the matter of available admissible evidence in behalf of plaintiff to establish that defendant's servant, Kimbrough, was acting within the scope and course of his employment at time of the collision. In support of its motion the defendant submitted two depositions of Kimbrough, one of the manager for defendant, Oscar Neal Bradford, and the statement of facts made upon the trial of the plea of privilege case containing Kimbrough's testimony and that of witnesses to the facts and circumstances of the collision. All this evidence has been reviewed by us. It supports the defendant's motion for summary judgment. Indeed, thereby is cast the burden upon plaintiff to demonstrate that his claim that Kimbrough was acting within the scope and course of his employment at the material time was backed by admissible evidence, failing which a summary judgment would be properly awarded to the defendant.

■ It should be recognized, however, that the situation did not cast any obligation upon the plaintiff to sustain any burden of proof. It is of no significance at the summary judgment stage who carries the burden of proof on a significant issue. Tigner v. First Nat. Bank of Angleton, 1954, 153 Tex. 69, 264 S.W.2d 85.

Responding to defendant's motion, as was plaintiff's responsibility if he was to defeat the same, the affidavit of James S. Vecchio was filed. From it and other evidence in the aforementioned depositions is shown the fact that in connection with the prosecution of the business activities of the defendant company at the drilling site near Weatherford, Texas, Vecchio was at a level intermediate between Bradford and Kimbrough. Bradford had supervisory authority over the others, with Vecchio having directional supervision of defendant's activities at the well site and with such authority over Kimbrough as might be necessary in the interest of the defendant.

Excerpts from Vecchio's affidavit included the following statements: "On May 11, 1956, I took an inventory of the stock that we had on hand (at the well site) and we needed, very much, a depth line, gas detector filaments and certain data sheet on which we recorded information. On that morning of May 12, 1956, I called Neal Bradford by long distance telephone from Weatherford to Fort Worth and advised Neal of our need for these supplies. He expressed to me that he would be unable to get the supplies to me immediately and advised me to have Tom Hill Kimbrough to come into Fort Worth and pick up his car and bring the supplies back to the well site. * * * I requested Tom Hill Kimbrough to go to Fort Worth and to bring back the supplies in his automobile. * * * As stated above, on the date of the accident which, I understand, was May 12, 1956, Tom Hill Kimbrough had gone to Fort Worth upon my request to bring back the supplies which were badly needed to the job site, and he was on his way back from Fort Worth, bringing the supplies when the accident occurred."

■ The affidavit of Vecchio shows, or at least raises the issue, that the defendant, through him, and also through Bradford, asserted a right or power to direct and control the action of Kimbrough in connection with the use of his automobile to transport equipment in the service of the defendant at the material time and place,—to which assertion of right or power Kimbrough made assent and upon which he acted.

In Kennedy v. American Nat. Ins. Co., 1937, 130 Tex. 155, 107 S.W.2d 364, 112 A.L.R. 916, the Commission of Appeals quoted from the case of Wesolowski v. John Hancock Mut. Life Ins. Co., 1932, 308 Pa. 117, 162 A. 166, 87 A.L.R. 783, as follows: " 'To hold a master legally responsible for the act of a servant who is engaged in furthering his master's business and who while doing so negligently uses

some instrumentality that carries him from place to place, it must either be proved that the master exercises actual or potential control over that instrumentality, or the use of the instrumentality at the time and place of the act complained of must be of such vital importance in furthering the business of the master that the latter's actual or potential control of it at that time and place may reasonably be inferred.'"

In 52 A.L.R.2d 287, et seq., under the annotation "Employer's liability for negligence of employee in driving his own car", the publisher has brought forward all cases previously annotated (including the annotation following Kennedy v. American Nat. Ins. Co., supra, 112 A.L.R. at p. 920). Under § 16 on p. 339, et seq., "(Other miscellaneous uses as business or personal) Incidental benefit to employer; combined business and personal errand", out-of-state cases are cited in which the holding was that where an employee is on a trip the purpose of which is primarily personal, then he is outside the scope and course of his employment even though he was performing acts intended to produce a business benefit for his employer. The distinction seems to be related to the purposes for which the employee was making the trip, the question thereof being whether the "business purpose" was merely incidental to the employee's "personal purpose".

There is no question but that a reason and occasion for Kimbrough's trip from the well site and Weatherford, Texas, to Fort Worth and to defendant's materiel yard (and for the placing of the items of supplies and equipment in his automobile to transport the same for use in the prosecution of defendant's activities at the well site), and for the beginning of his return trip, was "personal". However, in view of Vecchio's affidavit, the quoted statements therefrom constituting admissible evidence on the material element of plaintiff's case, the additional question is raised as to whether, incident to Kimbrough's "personal purpose", his transportation of the items of supplies and equipment (to deliver same to the well site because they were "badly needed") was a "business purpose" which was other and more than merely incidental thereto. Our opinion is that this issue of fact might well control entry of a proper judgment on the merits of plaintiff's suit.

We could well have said in our opinion on the appeal taken from the plea of privilege (307 S.W.2d 603) that the evidence in the trial court on that hearing established no more than that Kimbrough's transportation of the items of supplies and equipment in behalf of his employer was merely incidental to his purpose to remove his automobile to Weatherford where it would be available for his personal pleasure and convenience. Vecchio was not a witness on the trial of the defendant's plea of privilege. For purposes of the summary judgment Vecchio is to be treated as a witness, and must be presumed to stand ready to testify in behalf of the plaintiff upon a trial of the merits in the respects quoted from his affidavit. By reason thereof it affirmatively appears that plaintiff's claim in respect to the material element of Kimbrough's agency is backed by admissible evidence, and that plaintiff can raise an issue of fact as to whether Kimbrough's "business purpose" was other and more than merely incidental to his "personal purpose".

That the evidence represented by Vecchio's affidavit would raise the issue on trial of the merits of a case such as this, perhaps determinative of its outcome, is in accord with Restatement of the Law, Agency, p. 529, "Third Person v. Principal", § 236, "Conduct Actuated by Dual Purpose".

Judgment is reversed and the cause is remanded.