The **STATE** of Texas, Appellant,

v.

**SEVENTEEN THOUSAND AND NO/100 DOLLARS U.S. CURRENCY, Appellee.**

**No. 13–90–477–CV.**

Court of Appeals of Texas, Corpus Christi.

May 9, 1991.

Rehearing Overruled June 18, 1991.

Grant Jones, Dist. Atty. Corpus Christi, David M. Jordan, Asst. Dist. Atty., Kingsville, for appellant.

Ralph Paul Behrens, Houston, for appellee.

Before NYE, C.J., and HINOJOSA and BENAVIDES, JJ.

## OPINION

HINOJOSA, Justice.

The State of Texas and Kleberg County Sheriff Adan Munoz, Jr., appeal by two points of error from a summary judgment that the State take nothing in a forfeiture proceeding brought against $17,000 in U.S. currency seized and sought to be forfeited under the authority of the Texas Controlled Substances Act,[1] and that Sheriff Munoz return the money to Santiago Cantu, the real party in interest. We reverse and remand.

By its first point of error the State complains that the trial court erred in granting summary judgment because, among other things, the State had no burden at the summary judgment stage to show that it had sufficient evidence to prove all elements of its cause of action, including a link between the money seized and illegal activity under the Texas Controlled Substances Act. A brief discussion of the pleadings is in order here.

In its Notice of Seizure and Intention to Forfeit $17,000 in United States currency, the State alleged that on August 30, 1989, Kleberg County Sheriff's investigators seized the $17,000 in the process of a lawful search and arrest of Cantu on Highway 77 in Kleberg County, Texas, and that the money was derived from or intended for use in illegal investments or derived from the sale, manufacture, distribution, dispensation, delivery or other commercial undertaking violative of the Texas Controlled Substances Act. The State requested that the money be forfeited to the Kleberg County Sheriff's Office. Cantu answered by general denial and further alleged that the $17,000 was a legal loan from a friend, Jesse Gonzales, which was derived from a settlement award in a worker's compensation case.

Cantu then filed his First Motion for Summary Judgment. In this First Motion, Cantu initially alleged a deficiency in the State's petition by its failure to allege any facts to establish its conclusory claim that the money was derived from illegal activities. In addition, Cantu contended in his First Motion that his own affidavit and that of a third party, Jesse Gonzales, were sufficient to conclusively disprove any link between the $17,000 and illegal activity. In connection with this motion, Cantu offered these affidavits in support of the allega-

1. Provisions for the forfeiture of contraband are now contained in the Texas Code of Criminal Procedure, Tex.Code Crim.Proc.Ann. art. 59.01 *et seq.* (Vernon Supp.1991), which became effective on October 18, 1989. At the time of the present seizure on August 30, 1989, however, Tex.Rev.Civ.Stat.Ann. art. 4476–15 (repealed), governed the forfeiture of contraband. Specifically, section 5.03(a)(6) provided for the forfeiture of money used or intended for use in an illegal investment in violation of section 4.052 of the Act, or derived from the sale, manufacture, distribution, dispensation, delivery, or other commercial undertaking violative of the Texas Controlled Substances Act.

tions in his petition that the money was a legal loan from Gonzales which Cantu intended to use to make improvements to land he owned in Los Fresnos, Texas.

■ However, Cantu subsequently filed a Second Motion for Summary Judgment. A substituted or amended motion for summary judgment supercedes and supplants the previous motion, which may no longer be considered. *See Radelow–Gittens Real Property Management v. Pamex Foods,* 735 S.W.2d 558, 559 (Tex.App.—Dallas 1987, writ ref'd n.r.e.); *Byke v. City of Corpus Christi,* 569 S.W.2d 927, 932 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); Tex.R.Civ.P. 65; *see also* 51 Tex. Jur.3d *Motion Procedure* § 6 (1986).

This Second Motion completely replaced the second ground which had been alleged within the First Motion with a separate ground that the State could show no evidence to link the money to illegal activity. Cantu thereby complained that when he was stopped for speeding on Highway 77, no drugs were found on his person or in his truck, and that there was no other evidence to link the $17,000 found to the sale of drugs. Cantu also relied upon Sheriff Munoz's deposition testimony that, in effect, the State had no direct evidence to link the money to the sale of drugs or other illegal activity under the forfeiture provisions of the Texas Controlled Substances Act. Cantu therefore contended that the State failed to show that it would be entitled to forfeiture of the money. The trial court specifically granted summary judgment based on this Second Motion.

A motion for summary judgment must specifically set forth the grounds relied upon, on the basis of which it will either stand or fall. *See Wilson v. H.E. Butt Grocery Co.,* 758 S.W.2d 904, 906 (Tex.App. —Corpus Christi 1988, no writ); *Life Insurance Co. of North America v. Klingler,* 730 S.W.2d 32, 35 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *Ortiz v. Spann,* 671 S.W.2d 909, 914 (Tex.App.— Corpus Christi 1984, writ ref'd n.r.e.) (on rehearing). In the present case, Cantu's Second Motion relies entirely on the State's lack of evidence to support the forfeiture, without mentioning any affirmative evidence by Cantu to support his contention that the money was derived from and intended for legal purposes.

■ A defendant who moves for summary judgment has the burden of showing by summary judgment evidence that at least one element of the plaintiff's cause of action has been conclusively established against the plaintiff. *Sakowitz, Inc. v. Steck,* 669 S.W.2d 105 (Tex.1984); *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied); *McCurry v. Aetna Casualty and Surety Co.,* 742 S.W.2d 863, 866 (Tex.App.—Corpus Christi 1987, writ denied). Once the defendant has thus negated an element of plaintiff's cause of action, the plaintiff has the burden of introducing evidence that raises an issue of fact with respect to that element. *Goldberg,* 775 S.W.2d at 752.

McDonald's treatise on Texas Civil Practice discusses the defendant's burden to negate an element of the plaintiff's case in the following terms:

> When the defense is in the nature of a denial, this may take the form of a showing that upon a controlling issue essential to his recovery the plaintiff would not have enough evidence to go to a jury. In such cases, considerations of minimizing time and expense in the furtherance of an efficient administration of the practice dictate that the defendant should specifically single out the element or elements of the plaintiff's claim which he believes cannot be established, and that the plaintiff then would be required to demonstrate "only that his claim is backed by admissible evidence in those particulars."

4 R. McDonald, Texas Civil Practice in District and County Courts § 17.26.2 (rev. 1984) (quoting *Clayton v. James B. Clow & Sons,* 154 F.Supp. 108, 112 (N.D.Ill.1957)); *see also Peek v. Oshman's Sporting Goods, Inc.,* 768 S.W.2d 841, 843 (Tex.App. —San Antonio 1989, writ denied); *Sifford v. Santa Rosa Medical Center,* 524 S.W.2d 559, 561 (Tex.Civ.App.—San Antonio 1975, no writ) (citing text); *Eubanks v. Hughes*

**640**

*Engineering Co.*, 369 S.W.2d 49, 50 (Tex. Civ.App.—Fort Worth 1963, writ ref'd n.r.e.) (citing text).

■ However, in the cases relied upon by McDonald's treatise to support this proposition, the defendant's showing of the insufficiency of the plaintiff's case also includes summary judgment evidence by the defendant which tends to affirmatively negate that element. In reality then, these cases suggest merely that, when the defendant affirmatively negates a specific element of the plaintiff's claim by summary judgment evidence, the plaintiff may no longer rely upon his pleading alone, but is then required to show that he does in fact have some evidence by which he may get his issue to the jury. *See Clayton*, 154 F.Supp. at 112; *Eubanks*, 369 S.W.2d at 50; *Stover v. Concrete Sawing and Sealing Corp.*, 440 S.W.2d 422, 423–24 (Tex.Civ. App.—Fort Worth 1969, writ ref'd n.r.e.); *see also Stevens v. Bowie National Bank*, 475 S.W.2d 314, 318 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.).

■ When the defendant makes no attempt to affirmatively negate an element of the plaintiff's cause of action and introduces no summary judgment evidence to that effect, but relies solely on a showing that the plaintiff does not at the time of summary judgment have sufficient evidence to prove that element, the defendant has not met its burden of conclusively negating that element. *Lesbrookton, Inc. v. Jackson*, 796 S.W.2d 276, 285–86 (Tex.App. —Amarillo 1990, no writ); *Nelson v. Dallas Independent School District*, 774 S.W.2d 380, 384 (Tex.App.—Dallas 1989, writ denied); *Christensen v. Sherwood Insurance Services*, 758 S.W.2d 801, 804–805 (Tex.App.—Texarkana 1988, writ denied); *Orozco v. Texas General Indemnity Co.*, 611 S.W.2d 724, 725–26 (Tex.Civ.App.—El Paso 1981, no writ).

■ In the present case, therefore, the State had no burden at the summary judgment stage to show that it had evidence to

support the forfeiture.[2] We sustain the State's first point of error. We need not reach the State's second point, because it is not dispositive. Tex.R.App.P. 90(a). The judgment of the trial court is REVERSED and this case is REMANDED to the trial court.

BENAVIDES, J., not participating.

---

2. We note that Cantu's amendment of his motion for summary judgment has prevented us from passing on the merit of the second ground alleged in his First Motion, which, had it not been superceded, may then have required the State to produce some summary judgment evidence to support its claim that the money was linked to illegal activity.