CAR528.OPN 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00528-CV







Efrain Carrera, Appellant



v.



Starr County, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 92-02037, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







PER CURIAM


 Appellant Efrain Carrera brought suit against Starr County (the "county") alleging retaliatory
termination in violation of the Whistleblower Act (the "Act"). See Tex. Gov't Code Ann. §§ 554.001-.010
(West 1994 & Supp. 1996). (1) This appeal arises from a take-nothing summary judgment in favor of the
county. Appellant urges that the trial court erred in finding that his claims were barred by the limitations
period of the Act. Because we agree, we will reverse the judgment of the trial court.


THE CONTROVERSY


 When reviewing a summary judgment, we take as true the evidence favorable to the non-movant, and in its favor resolve any doubt, as well as indulge every reasonable inference. MMP, Ltd. v.
Jones, 710 S.W.2d 59, 60 (Tex. 1986). Viewed in this light, the summary judgment record shows the
following. On October 15, 1991, Carrera, a former foreman/timekeeper, discovered that county
equipment was located inside the confines of property owned by the Rio Grande City Independent School
District. He reported these facts to the county attorney and was advised that it was illegal for county
equipment to be on school district property. Appellant was further advised that he should remove the
equipment. Without consulting his supervisor, Carrera ordered that the county's equipment be removed
from school district property.

 On October 18, Carrera was verbally notified that his employment with the county had
been terminated. On October 24, appellant received written notification of his termination "because of
insubordination, abuse of authority and county-owned vehicles." In the interim, Carrera consulted with an
attorney and wrote to the Starr County Salary Grievance Committee asserting that his termination was in
violation of the Act and requesting a formal hearing on the matter. In response, the county informed
appellant that the proper forum to discuss his concerns would be before the commissioners court.

 On November 12, Carrera invoked the county grievance process by submitting a written
request for a hearing before the commissioners court. Appellant's claims were heard on the 20th; on
November 26, the court voted to reinstate him with conditions. Carrera refused to accept the reinstatement
without notification of the conditions. On December 12, Carrera learned that he would be reinstated as
an at-will employee in the position of road hand at a reduced salary. Appellant declined the offer of
reinstatement and continued to seek clarification of the court's decision. On February 14, 1992, the 113th
day after he was terminated, Carrera filed suit in district court.

 The county requested summary judgment on appellant's whistleblower claim on the grounds
that (1) he failed to file his lawsuit within the ninety-day period of limitations provided for under the statute
or he failed to exhaust the applicable county grievance procedure; and (2) no nexus existed between the
alleged report of violation of law and his termination as required by the Act. The trial court granted the
county's motion on the basis that appellant's claims were time barred and therefore no genuine issue of
material fact existed. Appellant brings one point of error asserting that the trial court erred in granting
summary judgment against him because his whistleblower suit was filed within the statutorily prescribed
period of limitations.



STANDARD OF REVIEW


 The question on appeal is not whether the summary-judgment proof raises a fact issue, but
whether the summary-judgment proof establishes as a matter of law that there is no genuine issue of
material fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General
Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). The standards for reviewing summary judgment are
well established: (1) the movant for summary judgment has the burden of showing that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is
a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be
taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any
doubts resolved in his favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985). When a defendant relies on an affirmative defense, its burden is to conclusively prove all elements
of the affirmative defense. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 679 (Tex.
1979). A defendant who moves for summary judgment on the basis of a deficiency in the plaintiff's ground
of recovery has the burden of conclusively negating an element of the plaintiff's cause of action. See State
v. $17,000, 809 S.W.2d 637, 640 (Tex. App.--Corpus Christi 1991, no writ).



LIABILITY UNDER THE WHISTLEBLOWER ACT



 In its motion for summary judgment, the county asserted that Carrera did not file his claim
within the applicable statutory limitations period, either because he did not file it within the ninety-day period
provided for when there is no applicable grievance procedure, or because he did not, as required by
statute, exhaust the county grievance procedure applicable to him.

 Viewing the summary judgment record in the light we must view it under MMP, Ltd., the
ninety-day statute of limitations for appellant's claim began on October 24, 1991, the date that he was
officially notified of his termination. See Tex. Gov't Code § 554.005. (2) Carrera invoked the appropriate
grievance procedure on November 12, when he requested a hearing before the Starr County
Commissioners Court. Once invoked, the grievance procedure tolled the ninety-day limitations period until
a final determination was made or thirty-one days had lapsed. On November 26, Carrera received a
decision from the commissioners court: that he could be reinstated with unspecified conditions. Appellant
did not accept that decision and sought a final decision about the unspecified conditions. On December
12, the commissioners court explained the terms and conditions of his reinstatement. Although Carrera did
not accept the offer of reinstatement and continued to seek further "clarification" up to the date that he filed
suit in district court, the decision of the commissioners court on December 12 was sufficiently final to satisfy
the exhaustion and tolling provisions of the whistle blower statute.

 When an employee invokes the appropriate grievance procedure and obtains a final
determination within thirty-one days of invoking the procedure, the limitations period is tolled under the
whistleblower statute. See Tex. Gov't Code § 554.006 (a)-(c). (3) Appellant asks this Court to accept
December 12, 1991, as the date that he received a final decision from the commissioners court. We
believe that although appellant was not satisfied with the decision and continued to seek "clarification" or
some more favorable action, the decision was a final decision for purposes of the Act. Appellant's refusal
to accept the county's offer does not affect the issue of its finality. Carrera had exhausted his employer's
internal remedies and could file suit under the Act if his suit was timely.

 The Act requires suit to be filed not later than the ninetieth day after the date of the alleged
violation, excluding time spent exhausting the employer's internal grievance or appeal procedure. Tex.
Gov't Code Ann. §§ 554.005-.006 (West 1996). Exhaustion of internal remedies, however, is not
required if the employer fails to render a final decision before the thirty-first day the grievance is initiated. 
Id. § 554.006(d). Therefore a suit must be filed no later than 120 days following the violation. See id. §§
54.005-.006.; see also House Com. on Labor and Employment Relations, Bill Analysis, H.B. 1405, 71st
Leg. R.S. (1989) ("The employee would be required to begin grievance procedures within ninety days after
the alleged violation of the act. The grievance procedure and decision could take no longer than thirty days. 
The time used to follow grievance procedures would not be included in the ninety-day deadline for filing
a suit against an employer."). Carrera received a final decision from the county within the thirty-day tolling
period.

 Carrera filed suit on February 14, 1992. The ninetieth day after his termination was
January 22, 1992. By filing a grievance through the appropriate county procedure, Carrera invoked the
tolling provisions of section 554.006 of the Act. Because appellant received a final decision on December
12, 1991, within the thirty-day period, the tolling provisions of the Act apply and appellant had 120 days
within which to file his claim in district court. Carrera filed his claims on the 113th day after his termination,
well within the applicable period of limitations.

 Accordingly, we sustain appellant's point of error.



CONCLUSION



 The judgment of the trial court is reversed and the cause is remanded to the district court
for further proceedings.


Before Justices Powers, Jones and B. A. Smith

Reversed and Remanded

Filed: October 16, 1996

Do Not Publish

1.   When appellant initiated this lawsuit in 1992, the Act was found at Texas Revised Civil
Statutes article 6252-16a. The cause of action is governed by the law in effect at that time. 
Because the recodification of the statute and subsequent changes to it have no substantive
impact on the issues relevant to our analysis, we cite the current Code provisions for the sake
of convenience. See Act of Apr. 30, 1993, 73rd Leg., R.S., ch. 268, §§ 46(1), 47, 1993 Tex. Gen.
Laws 583, 986; Act of May 25, 1995, 74th Leg., R.S., ch. 721, § 11, 1995 Tex. Gen. Laws 3812,
3814-15. 
2.   Texas Government Code section 554.005 provides the following:


 Except as provided by section 554.006, a public employee who seeks relief
under this chapter must sue not later than the 90th day after the date on which
the alleged violation of this chapter:

 

 (1) occurred; or


 (2) was discovered by the employee through reasonable diligence.
3.   Texas Government Code section 554.006 provides the following:


(a) An employee of a local government must exhaust that government's
grievance or appeal procedures relating to suspension or termination of
employment or unlawful discrimination before suing under this chapter.


(b) The employee must invoke the grievance or appeal procedures not later
than the 90th day after the date on which the alleged violation of this
chapter:


 (1) occurred; or


 (2) was discovered by the employee through reasonable diligence.


(c) Time used by the employee in exhausting the grievance or appeal
procedures is excluded from the period established by section 554.005.


(d) This section does not apply if a final decision is not rendered before the
31st day after the date on which the employee initiated the grievance or
appeal.


d. 
Id. § 554.006(d). Therefore a suit must be filed no later than 120 days following the violation. See id. §§
54.005-.006.; see also House Com. on Labor and Employment Relations, Bill Analysis, H.B. 1405, 71st
Leg. R.S. (1989) ("The employee would be required to begin grievance procedures within ninety days after
the alleged violation of the act. The grievance procedure and decision could take no longer than thirty days. 
The time used to follow grievance procedures would not be included in the ninety-day deadline for filing
a suit against an employer."). Carrera received a final decision from the county within the thirty-day tolling
period.

 Carrera filed suit on February 14, 1992. The ninetieth day after his termination was
January 22, 1992. By filing a grievance through the appropriate county procedure, Carrera invoked the
tolling provisions of section 554.006 of the Act. Because appellant received a final decision on December
12, 1991, within the thirty-day period, the tolling provisions of the Act apply and appellant had 120 days
within which to file his claim in district court. Carrera filed his claims on the 113th day after his termination,
well within the applicable period of limitations.

 Accordingly, we sustain appellant's point of error.



CONCLUSION



 The judgment of the trial court is reversed and the cause is remanded to the district court
for further proceedings.


Before Justices Powers, Jones and B. A. Smith

Reversed and Remanded

Filed: October 16, 1996

Do Not Publish

1.   When appellant initiated this lawsuit in 1992, the Act was found at Texas Revised Civil
Statutes article 6252-16a. The cause of action is governed by the law in effect at that time. 
Because the recodification of the statute and subsequent changes to it have no substantive
impact on the issues relevant to our analysis, we cite the current Code provisions for the sake
of convenience. See Act of Apr. 30, 1993, 73rd Leg., R.S., ch. 268, §§ 46(1), 47, 1993 Tex. Gen.
Laws 583, 986; Act of May 25, 1995, 74th Leg., R.S., ch. 721, § 11, 1995 Tex. Gen. Laws 3812,
3814-15. 
2.   Texas Government Code section 554.005 provides the following:


 Except as provided by section 554.006, a public employee who seeks relief
under this chapter must sue not later than the 90th day after the date on which
the alleged violation of this chapter:

 

 (1) occurred; or


 (2) was discovered by the employee through reasonable diligence.
3.   Texas Government Code section 554.006 provides the following:


(a) An employee of a local government must exhaust that government's
grievance or appeal procedures relating to suspension or termination of
employment or unlawful discrimination before suing under this chapter.


(b) The employee must invoke the grievance or appeal procedures not later
than the 90th day after the date on which the alleged violation of this
chapter:


 (1) occurred; or