**Opinion issued May 4, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-22-00044-CV**

**NO. 01-22-00046-CV**

————————————

**BILAL BURKI, Appellant**
**V.**

**JANETTE D. DANSBY, Appellee**

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case Nos. 19-DCV-265591 & 21-DCV-289522

## MEMORANDUM OPINION

This case involves two related appeals. In the first appeal, appellant, Bilal Burki, challenges the trial court's order denying his petition for bill of review to set aside the summary judgment rendered by the trial court in favor of appellee, Janette

D. Dansby, in her suit against Burki for breach of contract, fraud, conversion, money had and received, unjust enrichment, breach of implied warranty, and violations of the Texas Deceptive Trade Practices Act ("DTPA")[1] (the "underlying summary-judgment case").[2] In the second appeal, Burki challenges the trial court's rendition of summary judgment in favor of Dansby in the underlying summary-judgment case.[3] In three issues, Burki contends that the trial court erred in denying his petition for bill of review.

We affirm the trial court's order denying Burki's petition for bill of review. We dismiss for lack of jurisdiction Burki's appeal from the trial court's July 8, 2020 order granting Dansby summary judgment.

## Background

In his amended original petition for bill of review, Burki alleged that he and his wife, Sheila Burki ("Sheila") (collectively, "the Burkis"), were named as defendants in the underlying summary-judgment case brought by Dansby in August 2019, in which Dansby asserted claims against them for breach of contract, fraud, conversion, money had and received, unjust enrichment, breach of implied warranty, and violations of the DTPA. The Burkis, proceeding pro se, filed handwritten

---

[1]     *See* TEX. BUS. & COM. CODE ANN. §§ 17.01–.955.

[2]     Appellate cause no. 01-22-00044-CV; trial court cause no. 21-DCV-289522.

[3]     Appellate cause no. 01-22-00046-CV; trial court cause no. 19-DCV-265591.

2

answers in response to Dansby's petition in the underlying summary-judgment case using a form provided by the trial court clerk.

According to Burki, Dansby then filed a summary-judgment motion against the Burkis on June 5, 2020 (the "June 5th summary-judgment motion") and a notice that a hearing on the motion was set for July 2, 2020. After Dansby agreed to settle her claims against Sheila in the underlying summary-judgment case, she filed a second summary-judgment motion against Burki only on June 26, 2020 (the "June 26th summary-judgment motion"). Burki alleged that Dansby "did not file or serve a notice of hearing" as to the June 26th summary-judgment motion. On June 29, 2020, Dansby and Sheila filed a rule 11 agreement[4] about their settlement in the underlying summary-judgment case, and on July 8, 2020, Dansby nonsuited her claims against Sheila in that case.[5]

Burki further alleged that also on July 8, 2020, the trial court, in the underlying summary-judgment case, signed an order granting Dansby summary judgment against Burki. According to Burki, Dansby "misrepresented to the [trial court] that [Burki] had notice" of the summary-judgment hearing and "erroneously led" the trial court to believe that she had complied with the notice requirements of Texas Rule of Civil Procedure 166a, even though Dansby "never requested a hearing or notified

---

[4]     See TEX. R. CIV. P. 11.

[5]     See TEX. R. APP. P. 162.

3

[Burki]" of a hearing setting for the June 26th summary-judgment motion. As a result, Burki asserted, he "did not have actual, or even constructive, notice of a hearing or submission date" for the June 26th summary-judgment motion. Burki also asserted that he did not receive notice of the trial court's July 8, 2020 order granting Dansby summary judgment as required by Texas Rule of Civil Procedure 309A and was not aware of the July 8, 2020 order until he looked at the trial court's records in "late 2020 or early 2021."[6]

Burki argued that he was entitled to a bill of review because he had a meritorious defense to Dansby's claims against him in the underlying summary-judgment case, he was prevented from making that defense by Dansby's "fraud, accident or wrongful act," and that those elements were "unmixed with any fault or negligence" of his own. Burki also asserted that setting aside the judgment in favor of Dansby in the underlying summary-judgment case would not cause unfair injury because Dansby had already received $10,000 in compensation from her settlement of her claims against Sheila.

Dansby answered, generally denying the allegations in Burki's petition for bill of review and asserting that she had served the Burkis with discovery requests in the

---

[6]    Burki filed his original petition for bill of review in December 2021, after Dansby started collection proceedings in the underlying summary-judgment case and the trial court had appointed a receiver to assist her in the judgment's enforcement. About the same time Burki filed his original petition for bill of review, he also filed a motion to stay the receiver's actions in the underlying summary-judgment case.

4

underlying summary-judgment case in October 2019, but they did not respond to those requests. Dansby then filed a motion to compel the Burkis' responses to her discovery requests and served them with a notice of hearing on the motion. Yet the Burkis did not respond to Dansby's motion to compel and did not attend the hearing. The trial court signed an order granting Dansby's motion to compel and ordering the Burkis to respond to Dansby's discovery requests by April 1, 2020 and reimburse Dansby $1,500.00 in attorney's fees. Neither of the Burkis complied with the trial court's order.

On June 5, 2020, Dansby electronically filed and served on the Burkis her June 5th summary-judgment motion as well as a notice setting her motion for a hearing on July 2, 2020. According to Dansby, she served Burki with the June 5th summary-judgment motion through the electronic filing service provider for the State of Texas, which used the same email address that Burki had provided in his original answer and used to serve Dansby with his answer. While Dansby's June 5th summary-judgment motion was pending, Dansby and Sheila settled Dansby's claims against Sheila.[7] On June 26, 2020, Dansby filed an "agreed judgment" as to her claims against Sheila and an "amended" summary-judgment motion "removing" the grounds asserted against Sheila but otherwise asserting the same grounds and

---

[7] Dansby alleged that the Burkis were in the process of divorcing each other at the time of the settlement.

legal arguments against Burki that she had raised in the June 5th summary-judgment motion and relying on the same exhibits that were filed with that motion. (Internal quotations omitted.) Dansby asserted that she "filed the amendment as a courtesy to the [trial court] to clean up the issues for its final review."

According to Dansby, the deadline for Burki to file a response to her June 5th summary-judgment motion was seven days before the July 2, 2020 summary-judgment hearing, i.e., June 25, 2020—a deadline that had passed before Dansby filed the June 26th summary-judgment motion. As to Burki, the grounds, arguments, and exhibits in Dansby's June 26th summary-judgment motion were the same as those set forth in her June 5th summary-judgment motion. Thus, Dansby asserted that Burki was not entitled "to another 21 days to respond" after service of the June 26th summary-judgment motion.

Dansby further noted that the record reflected that the trial court clerk sent Burki notice of the trial court's July 8, 2020 order granting Dansby summary judgment against Burki by both email and certified mail to his last known address. And she asserted that the record also made clear that Burki's "failure to participate in litigation, failure to respond to and appear for the hearing on [her summary-judgment] motion, and his failure to timely file a motion for new trial or appeal [were] all a result of his own fault and/or negligence."

6

Finally, Dansby requested that the trial court sanction Burki for his false accusations against Dansby and her counsel and order Burki or his counsel to pay her "costs on her answer/response to his petition for bill of review and motions."

At the hearing on Burki's petition for bill of review, Dansby testified about the Burkis' lack of participation in the underlying summary-judgment case. Specifically, Dansby recalled serving discovery requests on the Burkis, the trial court's hearing on her motion to compel the Burkis to respond to her discovery requests, and the trial court's order compelling the Burkis to respond to Dansby's discovery requests and awarding her attorney's fees. Dansby also remembered that she used the email addresses that the Burkis had provided in their answers to her petition to correspond with them in the underlying summary-judgment case. And Dansby confirmed that the exhibits attached to her response to Burki's petition for bill of review consisted of all the documents filed in the underlying summary-judgment case. No other testimony was presented at the hearing.

Following the hearing, the trial court denied Burki's petition for bill of review. The trial court also denied Dansby's request for sanctions and attorney's fees.

**Appellate Jurisdiction**

We first address Dansby's assertion that we lack jurisdiction over Burki's appeal from the trial court's July 8, 2020 order granting Dansby summary judgment against Burki in the underlying summary-judgment case, which is pending in appellate cause number 01-22-00046-CV.

"[C]ourts always have jurisdiction to determine their own jurisdiction," and "[a]ppellate jurisdiction is never presumed." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotations omitted); *Florance v. State*, 352 S.W.3d 867, 871 (Tex. App.—Dallas 2011, no pet.); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (jurisdiction fundamental in nature and cannot be ignored). Whether we have jurisdiction is a question of law, which we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). If we lack jurisdiction over this appeal, it must be dismissed. *See Ragsdale*, 273 S.W.3d at 763; *Alaniz v. O'Quinn Law Firm*, No. 01-14-00027-CV, 2015 WL 6755614, at *3 (Tex. App.—Houston [1st Dist.] Nov. 5, 2015, no pet.) (mem. op.).

On January 24, 2022, Burki timely filed a notice of appeal from the trial court's January 21, 2022 order denying his petition for bill of review in trial court cause number 21-DCV-289522. On the same date, Burki also filed a notice of appeal in trial court cause number 19-DCV-265591—the underlying summary-judgment

8

case—in which he purportedly tried to appeal from the trial court's denial of his petition for bill of review and two orders that the trial court entered in the underlying summary-judgment case, which denied his motions to stay post-judgment enforcement proceedings pending disposition of his appeal of the denial of his petition for bill of review.

Burki's appellant's brief, titled "Appellant's Consolidated Brief" and filed in appellate cause numbers 01-22-00044-CV and 01-22-00046-CV, raises issues complaining of error in the underlying summary-judgment case, including complaints that Dansby, in her summary-judgment motion, failed to prove she was entitled to summary judgment as a matter of law and that the trial court erred in allowing Dansby to amend her pleadings during the summary-judgment hearing and supplement her summary-judgment motion after the hearing with evidence of her damages.

The trial court's July 8, 2020 order granting Dansby summary judgment against Burki disposed of all remaining parties and claims in the underlying summary-judgment case and constituted a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001); *Miner Dederick Constr., LLP v. Gulf Chem. & Metallurgical Corp.*, 403 S.W.3d 451, 461–62 (Tex. App.—Houston [1st Dist.] 2013), *pet. denied*, 455 S.W.3d 164 (Tex. 2015). "A party who seeks to alter the trial court's judgment or other appealable order" must timely file a notice of appeal.

9

TEX. R. APP. P. 25.1(c). Generally, if a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

When, as here, no motion for new trial is filed, a notice of appeal is due thirty days after the trial court signs the final judgment. *See* TEX. R. APP. P. 26.1. Thus, in the underlying summary-judgment case, Burki's notice of appeal was due on August 7, 2020. Because Burki did not file his notice of appeal in the underlying summary-judgment case by the thirty-day deadline, we have no appellate jurisdiction over his appeal from the trial court's July 8, 2020 order granting Dansby summary judgment. Thus, we dismiss for lack of jurisdiction Burki's appeal from the trial court's July 8, 2020 order granting Dansby summary judgment, pending in appellate cause number 01-22-00046-CV.

We further note that Burki's direct challenges to the propriety of the trial court's rendition of summary judgment in favor of Dansby also have no place in his appeal from the trial court's denial of his petition for bill of review. In a bill-of-review proceeding, the merits of the underlying case are reached only if the

10

petition for bill of review is granted. *See Alaimo v. U.S. Bank Tr. Nat'l Ass'n*, 551 S.W.3d 212, 217 (Tex. App.—Fort Worth 2017, no pet.) (when trial court grants bill of review, it thereby sets aside underlying judgment and must adjudicate original controversy). Thus, to the extent that the issues raised in Burki's bill-of-review appeal, pending in appellate cause number 01-22-00044-CV, directly challenge the propriety of the trial court's granting of summary judgment in the underlying summary-judgment case, we also lack jurisdiction to review those issues. *See Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737–38 (Tex. 2001); *Brashear*, 302 S.W.3d at 545–46 (timely filing of notice of appeal is jurisdictional prerequisite). Accordingly, in addressing appellant's appeal pending in appellate cause number 01-22-00044-CV, we consider only whether the trial court erred in denying Burki's petition for bill of review.

## Bill of Review

In his first and second issues, Burki argues that the trial court erred in denying his petition for bill of review because he conclusively proved that Dansby did not serve him with her summary-judgment motion or a notice of hearing and submission of her summary-judgment motion.

A bill of review is an equitable proceeding brought by a party seeking to set aside a judgment that is no longer appealable or subject to a motion for new trial or an appeal. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015); *Frost Nat'l*

11

*Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010); *see* TEX. R. CIV. P. 329b(f). To obtain an equitable bill of review, a petitioner generally must plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the petitioner was prevented from making by the opposing party's fraud, accident, or wrongful act or by official mistake, (3) unmixed with any negligence of the petitioner's own. *Valdez*, 465 S.W.3d at 226.

If the petitioner asserts only that service of process was improper or that he was not served, though, he need only prove the third element—that the judgment was rendered unmixed with the petitioner's own fault or negligence. *Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex. 2004); *Joseph v. Jack*, 624 S.W.3d 1, 6 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *see also Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) ("[W]hen a bill-of-review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two elements set out above."). To be entitled to a bill of review in such circumstances, the petitioner must allege "factually and with particularity" and prove improper service or non-service. *Caldwell*, 154 S.W.3d at 97–98; *Joseph*, 624 S.W.3d at 6.

We review a trial court's ruling on a petition for bill of review for an abuse of discretion, indulging every presumption in favor of the ruling. *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.–Houston [1st Dist.] 2007, no pet.). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, or without reference

12

to guiding rules and principles. *Woods v. Kenner*, 501 S.W.3d 185, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Li v. DDX Grp. Inv., LLC*, 404 S.W.3d 58, 62 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

We first note that Dansby filed and served her June 5th summary-judgment motion, which was accompanied by a notice setting the motion for a hearing on July 2, 2020, through the electronic filing service provider for the State of Texas. The record shows that the email address used to serve Burki is the same address that he provided in his answer to Dansby's suit, and he did not inform the trial court or Dansby of any change in his contact information after filing his answer in September 2019. On its face, Dansby's June 5th summary-judgment motion and notice of a hearing comply with the service requirements of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 21(a), (f); *see also Saint v. Bledsoe*, 416 S.W.3d 98, 112 (Tex. App.—Texarkana 2013, no pet.) (Texas Rule of Civil Procedure 21a imposes duty on party to keep court and other parties informed of his correct and current address, and "[t]he failure to exercise reasonable care in fulfilling this duty is negligence and will bar relief by bill of review"). Burki did not present any affirmative evidence showing that Dansby erred in serving him with the June 5th summary-judgment motion and the notice of a hearing or that his nonreceipt, if any, was not the result of his own fault or negligence.

Burki also complains that he did not receive "notice of any hearing" for the June 26th summary-judgment motion, and the record "shows a complete lack of service as to any notice of hearing." As grounds for disregarding the notice of a hearing that Dansby sent with the June 5th summary-judgment motion, Burki cites certain authority for the proposition that a "substituted or amended motion for summary judgment supersedes and supplants the previous motion, which may no longer be considered." (Internal quotations omitted.) But the cases he cites show that a substituted or amended summary-judgment motion supersedes an earlier-filed summary-judgment motion only when the later-filed motion includes grounds for summary judgment that were not raised in the earlier-filed motion. *See Frias v. Atlantic Richfield Co.*, 999 S.W.2d 97, 102 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (second motion, which sought summary judgment based on exclusive remedies provision of Texas Workers' Compensation Act, superseded first motion, which sought summary judgment on grounds that federal Longshore and Harbor Workers' Compensation Act preempted plaintiff's state tort claims); *State v. Seventeen Thousand and No/100 Dollars U.S. Currency*, 809 S.W.2d 637, 639 (Tex. App.—Corpus Christi–Edinburg 1991, no writ) (second motion supplanted first motion because it "completely replaced the second ground which had been alleged within the [f]irst [m]otion with a separate ground"); *see also Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220 (Tex. App.—Dallas 2000, pet. denied) (agreeing with

14

summary-judgment movant's position that his earlier motion for partial summary judgment, which attacked claims including one that was later nonsuited by defendant, was superseded by later motion, which addressed defendant's sole remaining claim). This Court has previously concluded that once a summary judgment motion is filed, amending the motion *to add new grounds* restarts the twenty-one-day notice period for the hearing. *See Town Park Ctr., LLC v. City of Sealy*, 630 S.W.3d 170, 183 (Tex. App.—Houston [1st Dist.] 2021, no pet.).

Here, the June 26th summary-judgment motion added no new grounds. It asserted the same grounds and legal arguments against Burki that were raised in the June 5th summary-judgment motion and relied on the same exhibits that were filed with that motion. Consistent with Dansby's settlement of her claims against Sheila, the June 26th summary-judgment motion was filed to clarify that Dansby was no longer pursuing any claims against Sheila.

Burki did not file any response to the June 5th summary-judgment motion by June 25, 2020, which was seven days before the scheduled summary-judgment hearing. *See* TEX. R. CIV. P. 166a(c). Dansby did not withdraw her notice of the summary-judgment hearing set for July 2, 2020, pass that hearing, or serve any amended notice of hearing.[8] Yet Burki did not object in the trial court that the

---

[8] The trial court's summary judgment recites that the summary-judgment hearing took place on June 29, 2020, and not July 2, 2020, as indicated in Dansby's notice. The supplemental clerk's record shows that the trial court coordinator sent an email

15

hearing date was less than twenty-one days after the June 26th summary-judgment motion was filed, move for a continuance of the summary-judgment hearing, or seek leave to file a late response,[9] and he did not appear in the trial court for the hearing.

In his reply brief, Burki asserts that "[a]s a pro-se party" who "never communicated" by email with the trial court, he "cannot be presumed to have received notice via-email or having understood an obligation to monitor his e-mail." On the contrary, Texas courts hold a self-represented litigant, like Burki was in the underlying summary-judgment case, to the same standards as licensed attorney and require them to comply with applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Schied v. Merritt*, No.

---

to the parties changing the date of the hearing to accommodate the trial court's schedule. In any event, whether Burki actually knew of the hearing's rescheduling ultimately makes no difference because Burki has not provided any excuse for failing to appear in the trial court on either June 29, 2020, or July 2, 2020. *See Harris v. Burks*, No. 01-06-00128-CV, 2007 WL 1776048, at *2 (Tex. App.— Houston [1st Dist. 2007, no pet.) (mem. op.) (rejecting argument that failure to appear at hearing resulted from notice's failure to indicate time of hearing where notice contained date of hearing); *West v. Maintenance Tool & Supply Co.*, 89 S.W.3d 96, 104 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (where plaintiff had actual notice of hearing date, plaintiff's misunderstanding that notice merely advised him of proposed hearing date did not establish good cause for failure to timely respond to motion).

9     *See, e.g.*, *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *4 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) ("A nonmovant who complains of less than twenty-one days' notice of a summary judgment hearing but admits to knowing of the hearing date before it occurs waives its defense of insufficient notice if he fails to bring the defect to the trial court's attention at or before the erroneously scheduled hearing or submission date.").

16

01-15-00466-CV, 2016 WL 3751619, at *1 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.).  Because Burki did not conclusively prove a lack of notice unmixed with his own negligence, we hold that the trial court did not err in denying Burki's petition for bill of review.

We overrule Burki's first and second issues.[10]

## Conclusion

In appellate cause number, 01-22-00044-CV, we affirm the trial court's order denying Burki's petition for bill of review.  In appellate cause number 01-22-00046-CV, we dismiss for lack of jurisdiction Burki's appeal from the trial court's order granting Dansby summary judgment.


Julie Countiss
Justice

Panel consists of Chief Justice Adams and Justices Countiss and Rivas-Molloy.

---

[10]    Our disposition of Burki's first and second issues makes it unnecessary to address Burki's remaining issue.  *See* TEX. R. APP. P. 47.1.