

# NUMBER 13-20-00527-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**THE CITY OF CORPUS CHRISTI,**                                  **Appellant,**

**v.**

**FRANK ARTHUR MARTINEZ JR.,**                              **Appellee.**

---

### On appeal from the County Court at Law No. 3
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

Appellee Frank Arthur Martinez Jr. sued appellant, the City of Corpus Christi (City), alleging that a City employee negligently struck him with a vehicle while Martinez was walking in a crosswalk. The City appeals the trial court's order denying its plea to the jurisdiction. In two issues, which we treat as one, the City argues that the trial court erred

in denying its plea because the City's employee was not in the paid service of the City and he was not acting within the scope of his employment at the time of the accident. We affirm.

## I.     BACKGROUND

### A.     Pleadings

Michael Armijo struck Martinez with a City vehicle while Martinez was walking in a designated crosswalk on a street adjacent to City Hall. Martinez suffered serious injuries as a result. Martinez alleged that the City's immunity from suit was waived by the Texas Tort Claims Act (TTCA) because Armijo was a City employee acting in the scope of his employment and his negligence in operating a motor vehicle caused Martinez's injuries. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1).

The City filed a plea to the jurisdiction, arguing that its immunity from suit was not waived because Armijo was taking an unpaid lunch break at the time of the accident. Thus, the City maintained, Armijo was neither in the paid service of the City nor acting within the scope of his employment. The City supported its plea with the following evidence: (1) the accident report; (2) Armijo's affidavit; (3) the affidavit of City employee Liza Lopez; (4) Armijo's post-accident statement; and (5) City records showing Armijo's scheduled hours.

Martinez filed a response, arguing that Armijo was performing work-related tasks at the time of the accident and that the City presented no evidence to corroborate Armijo's self-serving statement that he decided to take a lunch break at 11:20 a.m. as he exited City Hall's parking lot. Martinez attached the following evidence to its plea: (1) Armijo's

2

deposition testimony; (2) a job assessment questionnaire; (3) a registration renewal receipt; (4) Armijo's work cellphone records; and (5) the City's Risk Management Procedure.

The City filed a reply, attaching the following additional evidence: (1) the affidavit of Carlos Garcia, an employee in the City's Risk Management Division; (2) more City Risk Management Procedure; and (3) Corpus Christi Police Department body-cam footage capturing separate surveillance footage of the accident and selected stills from that footage.

## B.    Jurisdictional Record

The jurisdictional record establishes the following. Armijo works as a code enforcement compliance supervisor for the City. As a supervisor, Armijo coordinates efforts with City employees to investigate code violations. This position requires that Armijo travel throughout the City in a City-issued vehicle. Armijo drives the City vehicle during the workday, but he uses his personal vehicle to drive to and from work. The City does not allow Armijo to use the City vehicle for personal errands, although he may use the vehicle for travel during his lunch period. Armijo is required to spend up to eighty percent of his workday traveling. At the end of his workday, Armijo leaves the City vehicle at City Hall, where he also maintains an office. The City provides Armijo a cellphone, which he uses only for work.

Armijo is a salaried employee, and he works from 8:00 a.m. to 5:00 p.m. The City pays Armijo for eight hours of work, with a time adjustment for a one-hour lunch break. The lunch break is not scheduled, and Armijo can take his lunch break at any point during

the workday. Armijo does not record his lunch break, and he does not have to tell anyone when he takes it. Armijo must respond to calls to his work cellphone throughout the day, including during his lunch break. He must also address matters that require his attention if they arise during his lunch break.

On the day of the accident, Armijo dropped off a coworker at City Hall. Armijo then exited the City Hall parking lot, turning onto Mestina Street. Next, he turned onto Sam Rankin Street when he struck Martinez, who was crossing the street in a designated crosswalk. In a written employee statement created that day, Armijo stated that the accident happened at 11:20 a.m.[1] Armijo called 911 and then his supervisor after the accident. Armijo's supervisor, who was at City Hall, arrived at the scene soon thereafter. Emergency medical personnel responded and transported Martinez to a nearby hospital.

According to his affidavit testimony, Armijo decided to take his lunch break as he was exiting the City Hall parking lot: "At that time, it was nearing my usual break hour, and I made the decision to drive home and have lunch." Armijo testified by deposition that he did not tell anyone he was taking his lunch break and that he does not often go home for lunch. Armijo testified that he does not have a "normal time" that he takes his lunch break, which varies every day. In Armijo's employee statement, which he made on the day of the accident, he did not mention that he was on his lunch break when the accident occurred. Armijo testified that he could not recall whether he told his supervisor or the responding officer that he was on his lunch break at the time of the accident.

---

[1] The surveillance footage attached to the City's reply indicates that the accident occurred at 11:27 a.m. Our standard of review requires that we resolve this conflicting evidence in Martinez's favor. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018).

Armijo's work cellphone records show that he made four outgoing phone calls at 11:04, 11:05, 11:06, and 11:07 a.m. He received two additional phone calls at 11:12 and 11:17 a.m. Armijo made an additional outgoing phone call at 11:30 a.m.

The City's Vehicle Accident Review Board determined that the accident was preventable and "docked" a point from Armijo's driving record. According to Armijo, further deductions could result in the City prohibiting him from driving City vehicles.

## C. Trial Court Ruling

Following a hearing, the trial court denied the City's plea to the jurisdiction. This interlocutory appeal followed. *See id*. § 51.014(a)(8).

## II. DISCUSSION

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id*.

"When a defendant challenges jurisdiction, a court 'is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.'" *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019) (quoting *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555). This is true even when

5

the jurisdictional issue intertwines with the merits of the case. *Id*. When, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, the standard of review mirrors that of a summary judgment. *Id*. Therefore, we must take as true all evidence favorable to the nonmovant, indulge every reasonable inference and resolve any doubts in the nonmovant's favor, and disregard contrary evidence unless a reasonable factfinder could not. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018); *Miranda*, 133 S.W.3d at 228.

If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a fact finder must resolve the issue. *Miranda*, 133 S.W.3d. at 227–28. On the other hand, if the evidence is undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Miranda*, 133 S.W.3d at 228. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). In other words, the evidence must rise to a level that would enable reasonable and fair-minded people to differ in their conclusions. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). "Both direct and circumstantial evidence may be used to establish any material fact." *Ridgway*, 135 S.W.3d at 601. "A fact issue is raised by circumstantial evidence if, from the evidence, a reasonable person would conclude that the existence of the facts is more reasonable than its nonexistence." *In re Estate of Sidransky*, 420 S.W.3d 90, 96 (Tex. App.—El Paso 2012, pet. denied). However, a fact finder may not reasonably infer an ultimate fact from meager

6

circumstantial evidence which could give rise to any number of inferences, none more probable than another. *Kingsaire, Inc. v. Melendez*, 477 S.W.3d 309, 313 (Tex. 2015) (quoting *Hancock v. Variyam*, 400 S.W.3d 59, 70–71 (Tex. 2013)). Furthermore, evidence does not create a fact issue if it is so weak as to do no more than create a mere surmise or suspicion that the fact exists. *Parker*, 514 S.W.3d at 220.

## B.     TTCA Waiver of Immunity

Governmental immunity deprives a trial court of jurisdiction over lawsuits in which the State's political subdivisions, such as the City, have been sued unless the State consents to suit by waiving immunity. *Miranda*, 133 S.W.3d at 226. Therefore, governmental immunity is properly asserted in a plea to the jurisdiction. *Id*. at 225–26. The City's plea to the jurisdiction challenged the existence of jurisdictional facts supporting the statutory waiver of immunity for certain claims arising from motor vehicle accidents. Section 101.021 of the TTCA provides:

A governmental unit in the state is liable for:

(1) . . . personal injury . . . proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

> (A) the . . . personal injury . . . arises from the operation or use of a motor-driven vehicle . . .; and

> (B) the employee would be personally liable to the claimant according to Texas law[.]

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. The TTCA defines an employee in relevant part as "a person, including an officer or agent, who is in the paid service of a governmental unit[.]" *Id*. § 101.001(2).

7

"Scope of employment" is "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id*. § 101.001(5). Like the common law, the TTCA scope-of-employment analysis remains fundamentally objective: "Is there a connection between the employee's job duties and the alleged tortious conduct?" *Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017). Conduct falls outside the scope of employment when it occurs within the employee's independent course of conduct, such as conduct which is not intended to serve any purposes of the employer. *Garza v. Harrison*, 574 S.W.3d 389, 400 (Tex. 2019).

In the context of a vehicle collision, "employers generally are not liable for accidents involving their employees while the employees are traveling to and from work." *Ten Hagen Excavating, Inc. v. Castro-Lopez*, 503 S.W.3d 463, 476 (Tex. App.—Dallas 2016, pet. denied), *abrogated on other grounds by In re Allstate Indem. Co.*, 622 S.W.3d 870, 873 (Tex. 2021*); see also Garza v. Well Med Med. Mgmt., Inc.*, No. 13-18-00236-CV, 2020 WL 1060578, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 5, 2020, pet. denied) (mem. op.). Whether an employee was acting within the course and scope of employment is generally a fact issue. *Arbelaez v. Just Brakes Corp.*, 149 S.W.3d 717, 720 (Tex. App.—Austin 2004, no pet.).

**C.    Analysis**

The City argues that at the time of the accident, (1) Armijo was not an employee as defined by the TTCA because he was not in the "paid service" of the City;[2] and (2)

<hr>

[2] The City contends that someone such as Armijo, who undoubtedly meets the definition of employee under the TTCA, falls outside that definition when he is taking an unpaid break. The City cites no

8

Armijo was not acting within the scope of his employment. As a result, the City contends that Martinez cannot establish the TTCA's limited waiver of immunity. Both arguments assume as fact that Armijo was on his unpaid lunch break at the time of the accident. But if there exists a fact issue on this point, as Martinez contends, then the City's arguments necessarily fail. *See Miranda*, 133 S.W.3d. at 227–28. In other words, if there is more than a scintilla of evidence that Armijo was acting in the scope of his employment as opposed to being on his lunch break, then this issue must be decided by the trier of fact. *See id*.

The City relies solely on Armijo's testimony that he decided to take his lunch break as he was exiting the City Hall parking lot: "At that time, it was nearing my usual break hour, and I made the decision to drive home and have lunch." The City maintains that this evidence "authoritatively negates that he was in the scope of his employment at the time of the accident." Were we to accept the City's argument, we would be turning the standard of review on its head. We would be viewing the evidence in the light most favorable to the City, accepting as true evidence which is favorable to the City, and disregarding contrary evidence favorable to Martinez. We decline the City's invitation to do so. Rather, when viewing the evidence under the proper lens, we note that the following evidence supports a reasonable inference that Armijo was acting within the scope of his employment at the time of the accident: he is required to travel throughout the City up to eighty percent of

case law supporting this interpretation, nor have we found any. We need not decide whether this is a correct interpretation of the TTCA because it is not dispositive of our appeal. *See* TEX. R. APP. P. 47.1. However, we observe that such an interpretation adds an unnecessary layer of redundancy to the statute which already limits a governmental entity's liability to "negligence of an employee acting within his scope of employment[.]" TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1).

9

his workday; he was driving a City vehicle, which is not to be used for personal errands;[3] the accident occurred during the middle of Armijo's scheduled workday; moments earlier, he dropped off a coworker at City Hall, where Armijo's office is located; the accident occurred on a street adjacent to City Hall; he was receiving and making calls on his work cellphone as recently as three minutes before the accident; he is required to accept such calls even when he is on his self-determined lunch break; Armijo's supervisor arrived at the scene immediately after the accident; and Armijo did not recall communicating to anyone immediately following the accident that he was on his lunch break even though he provided an employee statement and discussed the accident with his supervisor and law enforcement that day.

We conclude that the trier of fact could reasonably infer from this evidence that Armijo was performing a task lawfully assigned to him by the City at the time of the accident. In other words, a reasonable person would conclude that the existence of this fact is more reasonable than its nonexistence. *See In re Estate of Sidransky*, 420 S.W.3d at 96. Thus, the evidence would enable reasonable and fair-minded people to differ in their conclusions regarding the scope-of-employment issue. *See Parker*, 514 S.W.3d at 220; *Ridgway*, 135 S.W.3d at 600.

---

[3] Both parties discuss the evidentiary presumption that an employee is acting within the course and scope of his employment when he is driving a vehicle owned by his employer. *See Bell v. VPSI, Inc.*, 205 S.W.3d 706, 716 (Tex. App.—Fort Worth 2006, no pet.). Such a presumption is rebutted by evidence that the driver has turned aside for a personal errand and has not yet returned to his mission. *Id*. Here, the City successfully rebutted the presumption with evidence that Armijo was on his lunch break. However, even after a rebuttable presumption disappears, the facts and circumstances that gave rise to the presumption are themselves evidence to be considered by the fact finder. *Rogers v. City of Fort Worth*, 89 S.W.3d 265, 279 (Tex. App.—Fort Worth 2002, no pet.). Because this presumption has been rebutted, we do not consider it in our analysis. However, the fact that Armijo was driving a City-owned vehicle still retains its evidentiary value.

Further, given the murky nature of Armijo's schedule, we reject the City's contention that Armijo's testimony conclusively establishes the opposite proposition. Armijo does not have a scheduled lunch break, does not record his lunch break, and is not required to report his lunch break to anyone. He could conceivably be on his lunch break at any point between 8:00 a.m. and 5:00 p.m. Given this context, we conclude that a reasonable fact-finder could disregard Armijo's testimony that he decided to take his lunch break mere moments before the accident. *See Alamo Heights*, 544 S.W.3d at 771.

Additionally, we question whether Armijo's testimony is readily controvertible. Our review of evidentiary pleas to the jurisdiction mirrors our review of summary judgments. *See Swanson*, 590 S.W.3d at 550. "A summary judgment may be based on uncontroverted testimonial evidence of an interested witness . . . if the evidence . . . could have been readily controverted." TEX. R. CIV. P. 166a(c). The Texas Supreme Court has defined the phrase "could have been readily controverted" to mean the testimony at issue is of a nature which can be effectively countered by opposing evidence. *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989). "If the credibility of the affiant or deponent is likely to be a dispositive factor in the resolution of the case, then summary judgment [or the granting of a plea to the jurisdiction] is inappropriate." *Id*. The credibility of Armijo's testimony that he intended to take his lunch break moments before the accident would be the dispositive factor in the resolution of this case. *See id*. Therefore, such evidence must be resolved by the trier of fact, and it cannot form the basis for granting the City's plea to the jurisdiction. *See id*.; *Frias v. Atl. Richfield Co.*, 999 S.W.2d 97, 106 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

11

The City's plea to the jurisdiction relied solely on evidence that its employee was on his lunch break at the time the alleged negligent act occurred. Because Martinez presented evidence creating a fact issue in this regard, we conclude that the trial court did not err in denying the City's plea to the jurisdiction. *See Miranda*, 133 S.W.3d. at 227–28. We overrule the City's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
23rd day of September, 2021.

12